United States District Court
Southern District of Texas
**ENTERED**
November 12, 2024
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| MICHAEL ADAMS, §<br>  *Plaintiff*, §<br>§<br>v. §<br>§<br>TEXAS SOUTHERN UNIVERSITY, ET AL., §<br>  *Defendants*. § | CIVIL ACTION NO. 4:24-CV-03176 |

## MEMORANDUM AND RECOMMENDATION

Before the Court in this employment discrimination case is Plaintiff's Motion to Remand. ECF 5.[1] Having considered the parties' submissions and the law, the Court RECOMMENDS that the Motion to Remand be GRANTED.

## I. Background

Plaintiff, a Black male, is a tenured professor in the Department of Political Science at Texas Southern University. ECF 2, ¶¶ 1, 9. He initiated this case in state court on July 22, 2024, asserting claims pursuant to Title VII and TCHRA for race, national origin, and age discrimination and for retaliation and a hostile work environment. *Id.* ¶¶ 6.1-6.14. The Original Petition sought monetary relief of greater than $250,000 and less than $1,000,000. *Id.* ¶ 2. Defendants accepted

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 13.

service of the Original Petition on July 29, 2024, and removed the case to this federal court on August 26, 2024, asserting federal question subject matter jurisdiction under 28 U.S.C. § 1331. ECF 1. After the removal, Plaintiff filed an Amended Complaint that contained the same factual allegations as his Original Petition but removed the Title VII claims. ECF 2. Plaintiff now argues that his reference to Title VII in the Original Petition was "inadvertent" and moves for a remand to state court because no federal claims remain in the lawsuit. ECF 5 at 1.

## II. Legal Standards

A party may remove a case from state court to federal court if the federal court has jurisdiction. 28 U.S.C. § 1441(a). The removing party bears the burden to prove that federal jurisdiction exists at the time of removal. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "Facts arising after removal do not alter jurisdiction." *Thompson v. Phillips 66 Co.*, No. CV H-23-1083, 2023 WL 7414567, at *3 (S.D. Tex. Nov. 9, 2023) (citing *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 569–70 (2004)).

In the presence of original jurisdiction, a federal court also maintains "supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §

1367(a).  A federal court may decline to exercise supplemental jurisdiction if all claims over which it has original jurisdiction have been dismissed.  *Id.* at § 1367(c).  In a removed case, the Court has broad discretion to either exercise supplemental jurisdiction or remand the case to state court.  *Brookshire Bros. Holding v. Dayco Prod., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).  In deciding whether to exercise or decline supplemental jurisdiction, courts consider factors such as judicial economy, convenience, fairness, and comity.  *Id.*  According to Fifth Circuit precedent:

> [t]he general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial, but this rule is neither mandatory nor absolute; no single factor is dispositive, . . ..

*Brookshire Bros*., 554 F.3d at 602 (citing *Batiste v. Island Records Inc.*, 179 F.3d 217, 227 (5th Cir.1999)).  Refusal to exercise supplemental jurisdiction over remaining state law claims following the dismissal of all federal-law claims constitutes an abuse of discretion if the court has already "invest[ed] a significant amount of judicial resources in the litigation."  *Id.*

### III.   Analysis

Federal jurisdiction undisputably existed at the time of removal.  Because Plaintiff initially asserted a cause of action under Title VII (ECF 5 at 1), Plaintiff's subsequent amendment of his pleading to dismiss Title VII claims does not deprive

3

this Court of subject matter jurisdiction. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938) (amendment to decrease amount of damages does not deprive district court of jurisdiction). Instead, the issue before the Court is whether it should exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a), or decline supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3).

Section 1367(c)(3) supports remand of this case to state court because all federal claims over which the Court has original jurisdiction have been voluntarily dismissed. *See* ECF 2. The factors of judicial economy, convenience, fairness, and comity also support remand. For example, the very limited resources expended by the Court in this case include only a routine Initial Pretrial Scheduling Conference and issuance of a standard Docket Control Order. ECF 11, 12. The factors of convenience and fairness are neutral because all parties are Texas residents represented by Texas counsel. The factor of comity weights in favor of remand because Plaintiff asserts only claims arising under Texas statutes. In sum, none of the relevant factors require the Court to ignore the "general rule" that the exercise of supplemental jurisdiction will be declined after dismissal of all federal claims. *Brookshire Bros.*, 554 F.3d at 602.

## IV. Conclusion and Recommendation

For the reasons stated above, the Court RECOMMENDS that Plaintiff's Motion to Remand be GRANTED and this case be REMANDED to the 190th District Court for Harris County, Texas.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on November 12, 2024, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge